# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DAVID JONATHAN TULIS, | ) |
|     *Plaintiff*, | ) Case No. 1:24-cv-240 |
| v. | ) Judge Travis R. McDonough |
| FLEXIBILITY CAPITAL, FUNDING METRICS LLC, and TBF FINANCIAL LLC, | ) Magistrate Judge Michael J. Dumitru |
|     *Defendants*. | ) |

## MEMORANDUM AND ORDER

The only claims that remain in this litigation are *pro se* Plaintiff Jonathan Tulis's state-law claims for fraud and violation of usury laws against Defendant Funding Metrics LLC. (*See* Doc. 76.) On June 17, 2025, the Court entered a memorandum and order that, among other things, explained that venue in the Eastern District of Tennessee was likely inappropriate based on a forum-selection clause in the underlying contract between Tulis and Funding Metrics. (*Id.* at 12–14.) To the extent any party disagreed, the Court ordered them to file a brief setting forth the facts and legal authority to support their argument that dismissal for forum non conveniens was inappropriate. (*Id.* at 14.) On June 25, 2025, Tulis filed a motion requesting that the Court transfer the case to the United States District court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404, instead of dismissing his case without prejudice. (Doc. 77.)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have consented." Section 1404(a) "does not condition transfer on the initial forum's being 'wrong'" but "permits transfer to any district court where venue is also proper"—*i.e.*, where the action might have been brought in the first instance. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013); *see also* 28 U.S.C. § 1404(a). "The purpose of a transfer under [§ 1404(a)] is to prevent the waste of time, energy[,] and money and to protect litigants, witnesses[,] and the public against unnecessary inconvenience and expense." *Sardeye v. Wal-Mart Stores East, LP*, No. 3:18-cv-01261, 2019 WL 4276990, at *3 (M.D. Tenn. Sept. 10, 2019) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "[D]istrict courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *see also Bunting ex rel. Gray v. Gray*, 2 F. App'x 443, 448 (6th Cir. 2001) ("A decision to transfer under § 1404(a) lies within the discretion of the district court.").

In diversity actions, "the enforceability of [a] a forum selection clause is governed by federal law." *Wong*, 589 F.3d at 828. Under federal law, "a forum selection clause should be upheld absent a strong showing that it should be set aside." *Id*. The Supreme Court, however, has explained that § 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).

In this case, the contract between Funding Metrics and Tulis's radio station, which Tulis personally guaranteed, contains an enforceable forum-selection clause:

> **8. GOVERNING LAW, VENUE.**
> ALL TRANSACTION DOCUMENTS INCLUDING, WITHOUT LIMITATION, THE APPLICATION, THIS AGREEMENT AND THE PAYMENT AUTHORIZATION SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA, WITHOUT REGARD TO THE CONFLICT OF LAWS AND PRINCIPLES THEREOF. MERCHANT AND GUARANTOR CONSENT TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS LOCATED IN ANY COUNTY IN THE COMMONWEALTH OF PENNSYLVANIA AND AGREE THAT SUCH COURTS SHALL BE THE EXCLUSIVE FORUM FOR ALL ACTIONS, PROCEEDINGS OR LITIGATION ARISING OUT OF OR RELATING TO THIS AGREEMENT OR SUBJECT MATTER THEREOF;

(Doc. 38-1, at 12.) Although the Court maintains some discretion to determine whether transfer under § 1404 or dismissal for forum non conveniens is more appropriate, dismissal is more appropriate in this case based on the Supreme Court's instruction that transfer under § 1404(a) is appropriate for "enforcement of forum-selection clauses that point to a particular federal district." *Atlantic Marine*, 134 S. Ct. at 579. The forum-selection clause in the underlying contract provides that the parties "consent to the jurisdiction of the federal and state courts located in any county in the Commonwealth of Pennsylvania and agree that such courts shall be the exclusive forum for all actions, proceedings or litigation arising out of or relating to this agreement or the subject matter thereof." (Doc. 38-1, at 12.) This forum-selection clause does not point to a particular federal district in Pennsylvania, and, as a result, dismissal for forum non conveniens is more appropriate than transfer pursuant to § 1404(a).

Accordingly, for the reasons stated herein, Tulis's motion to transfer (Doc. 77) is **DENIED**. Tulis's claims against Funding Metrics are hereby **DISMISSED WITHOUT PREJUDICE** based on the doctrine of forum non conveniens.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**